IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLIFFORD ONEIL CRAWFORD, #39303**                                      **PLAINTIFF**

v.                                                        CAUSE NO. 1:21-CV-00291-LG-BWR

**JACKSON COUNTY ADULT**
**DETENTION CENTER, ET AL.**                                            **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE
### FOR FAILURE TO COMPLY WITH COURT ORDERS

This matter is before the Court *sua sponte*. After considering the record and relevant legal authority, the Court finds that this cause should be dismissed without prejudice.

### BACKGROUND

Crawford brings his Complaint under 42 U.S.C. § 1983, alleging that he was exposed to COVID-19 while housed in the Jackson County Adult Detention Center. (Compl. 5, ECF 1). At the time he filed his Complaint, Crawford's injuries were "unknown" because Defendants allegedly refused to test inmates for COVID-19. (*Id*.) Crawford has since advised the Court that he "got sick" during his detention in Jackson County and was unable to "eat or taste." (Resp. 2, ECF 15). He says he asked to be tested for COVID-19 at that time, but his medical providers never followed through. (Resp. 2, ECF 15; Resp. 3, ECF 22). Crawford apparently believes that he contracted COVID-19 from other inmates "that had the symptoms." (*See* Resp. 3, ECF 22). Crawford has since recovered. (*See id*.)

Crawford named Jackson County Adult Detention Center, the State of

Mississippi, and Sheriff Mike Ezell as Defendants. (Compl. 2-3, ECF 1). The Court informed Crawford that Jackson County Adult Detention Center "is an extension of the county rather than a separate legal entity that may be named as a party in an action." (Order 2, ECF 8). Crawford was thus advised that he "cannot maintain this civil action against Defendant Jackson County Adult Detention Center" but was "given an opportunity to name Jackson County, Mississippi, as a Defendant" instead. (*Id.*) Crawford was also instructed to assert specific allegations against Defendant Sheriff Mike Ezell. (*Id.*)

Crawford did not address the Court's instructions in his Response. (*See* Resp. 1-2, ECF 15). He did not voluntarily dismiss Jackson County Adult Detention Center as a Defendant; add Jackson County as a Defendant; or offer more information about his claim against Defendant Sheriff Ezell. (*See id.*) Crawford merely belabored the allegations of medical neglect and advised the Court that he had gotten sick too. (*Id.* at 2).

The Court found Crawford's Response insufficient and granted him an extension of time within which to fully comply with its Order. (Order 3, ECF 17). Crawford was again instructed to state whether he intended to voluntarily dismiss Defendant Jackson County Adult Detention Center; name Jackson County as a Defendant; and assert specific facts against the properly named parties. (*Id.*) Crawford did not respond. A month later, the Court entered an Order to Show Cause, directing Crawford to answer its questions and show cause why the case should not

2

be dismissed for his failure to comply with the Court's Orders.  (Order 1-2, ECF 18).

Again, Crawford did not respond.  The Court entered a Second and Final Order to

Show Cause over another month later.  (ECF 19).  And that deadline was extended

by another two weeks from an abundance of caution.  (ECF 20).

Crawford responded within that final deadline, but his second Response was

also insufficient.  (*See* ECF 22).  He maintains "the Jackson County Adult Detention

Center as [his] Defendant," and he failed to include any information about Sheriff

Ezell's involvement in the alleged medical neglect.  (*See id*. at 1-2).  The Court granted

Plaintiff yet another extension of time within which to name the proper parties and

support his Complaint with specific allegations.  (ECF 23).  Crawford was directed to

answer the questions previously posed on or before July 15, 2022.  (Order 3, ECF 23).

He did not.

At all times, the Court's Orders were mailed to Crawford at the address on the

docket (where he is currently housed),[1] and none of the substantive orders discussed

here were returned as undeliverable.[2]  Each order warned Crawford that failure to

timely comply with the Court's Orders may result in the dismissal of this lawsuit.

(Order 3, ECF 8; Order 3, ECF 17; Order 2, ECF 18; Order 2, ECF 19; Order 3, ECF

---

[1] The docket reflects that Crawford is housed at Marion Walthall County Correctional Facility. (*See* ECF 12).  The Mississippi Department of Corrections' website reflects that same information. *See* Inmate Details, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/39303 (last accessed Aug. 1, 2022).

[2] One Order (directing Crawford to sign a pleading) was returned as undeliverable. (*See* ECF 13).  The same day, the Clerk of Court noted Crawford's change of address (ECF 12) and mailed him another copy of the Order at issue.  It was not returned as undeliverable, nor were any of the Court's Orders since then.

3

20; Order 4, ECF 23).

## DISCUSSION

"A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order." *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  Crawford did not comply with six Court Orders, after being warned that failing to do so may result in the dismissal of his case. (Order 3, ECF 8; Order 3, ECF 17; Order 2, ECF 18; Order 2, ECF 19; Order 3, ECF 20; Order 4, ECF 23). Although Crawford has shown an "ability to file numerous other pleadings . . . in the relevant time frame," he has failed to comply with the Court's "explicit directive" to name the proper parties or provide more information on the properly named parties. *See Dunn*, 598 F. App'x at 333 (affirming *sua sponte* dismissal for prisoner's failure to comply with district court's order to file an amended complaint); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal for prisoner's failure to comply with district court's order to further identify the defendants).

What's more, Crawford's failure to comply with the Court's Orders "appears to be willful and intentional, rather than based upon a misunderstanding of the type of pleadings the [Court] require[s]." *See Dunn*, 598 F. App'x at 333. On three occasions, the Court explicitly instructed Crawford that Jackson County Adult Detention Center cannot be named as a party to this lawsuit. (Order 2, ECF 8; Order 2, ECF 17; Order 2, ECF 23).  Yet his last Response maintains "the Jackson County Adult Detention

4

Center as [his] Defendant." (Resp. 2, ECF 22). So lesser sanctions than dismissal have not "prompt[ed] diligent prosecution," and dismissal without prejudice is now warranted. *See Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

## CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE